UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETRO HOLDINGS, INC. and )
PETROLEUM HEAT AND POWER CO., INC., )
    Plaintiffs, ) CIVIL ACTION
        ) NO.
        )
v. )
        )
CRUM & FORSTER INDEMNITY COMPANY, ) 05  11222 MEL
UNITED STATES FIRE INSURANCE COMPANY and )
THE NORTH RIVER INSURANCE COMPANY )
    Defendants )

## ANSWER OF DEFENDANTS CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY AND THE NORTH RIVER INSURANCE COMPANY

The defendants, Crum & Forster Indemnity Company ("Crum & Forster"), United States Fire Insurance Company ("U.S. Fire") and The North River Insurance Company ("North River") (hereinafter collectively referred to as the Insurers), hereby respond to the Complaint of plaintiffs, Petro Holdings, Inc. and Petroleum Heat and Power Co., Inc. (hereinafter collectively referred to as "Petro"), as follows:

### PARTIES

1.     U.S. Fire admits that it issued certain policies of insurance to Petro, the terms conditions, and effective dates of which speak for themselves. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 1 of the Complaint are denied by U.S Fire and all other defendants further deny said allegations as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

2.     U.S. Fire admits that it issued certain policies of insurance to Petro, the terms conditions, and effective dates of which speak for themselves. Except as expressly admitted

herein by U.S. Fire, the allegations of Paragraph 2 of the Complaint are denied by U.S Fire and all other defendants further deny said allegations as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

3. Crum & Forster Indemnity Company admits that it is a Delaware corporation with a principal place of business in New Jersey. Except as expressly admitted herein, the allegations of Paragraph 3 of the Complaint are denied.

4. United States Fire Insurance Company admits that it is an insurance company incorporated in Delaware with a principal place of business in New Jersey. Except as expressly admitted herein, the allegations of Paragraph 4 of the Complaint are denied.

5. The North River Insurance Company admits that it is an insurance company incorporated in New Jersey with its principal place of business in New Jersey. Except as expressly admitted herein, the allegations of Paragraph 5 of the Complaint are denied.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the Insurers deny the allegations contained within Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the Insurers deny the allegations contained within Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the Insurers deny the allegations contained within Paragraph 8 of the Complaint.

## FACTS

9. U.S. Fire admits that it issued certain policies of insurance to Petro, the terms conditions, and effective dates of which speak for themselves. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 9 of the Complaint are denied by U.S Fire and all other defendants further deny said allegations as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

10. The Insurers deny the allegations contained within paragraph 10 as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

11. U.S. Fire admits that it issued policy number 1380325536 with a policy period of February 1, 2001 through February 1, 2002 to Petro and that the terms and conditions of that policy speak for themselves. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 11 of the Complaint are denied by U.S Fire and all other defendants as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

12. U.S. Fire admits that it issued policy number 1380325536 with a policy period of February 1, 2001 through February 1, 2002 to Petro and that the terms and conditions of that policy speak for themselves. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 12 of the Complaint are denied by U.S Fire and all other defendants as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

13. U.S. Fire admits that it issued policy number 1380325536 with a policy period of February 1, 2001 through February 1, 2002 to Petro and that the terms and

conditions of that policy speak for themselves. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 13 of the Complaint are denied by U.S Fire and said allegations are further denied by all other defendants as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

14. The Insurers deny the allegations contained within Paragraph 14 of the Complaint.

15. The Insurers deny the allegations contained within Paragraph 15 of the Complaint.

16. The Insurers deny the allegations contained within paragraph 16 as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

17. The Insurers deny the allegations contained within Paragraph 17 of the Complaint.

18. The Insurers deny the allegations contained within paragraph 18 as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

19. The Insurers deny the allegations contained within Paragraph 19 of the Complaint.

20. The Insurers deny the allegations contained within Paragraph 20 of the Complaint.

21. U.S. Fire admits that it had no obligation to provide coverage to Petro for the Heaton Claim under U.S. Fire Policy Number 1380325536 and denied coverage under that policy. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 21 of

the Complaint are denied by U.S Fire and said allegations are furthered denied by all other defendants.

22. U.S. Fire admits that it provided insurance coverage to Petro for the so-called "Heaton Claim" under the commercial general liability issued to Petro by U.S. Fire in accordance with all terms and conditions of that policy. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 22 of the Complaint are denied by U.S Fire and said allegations are further denied by all other defendants as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

23. The Insurers deny the allegations contained within Paragraph 23 as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

24. The Insurers deny the allegations contained within Paragraph 24 of the Complaint.

25. The Insurers deny the allegations contained within Paragraph 25 as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

26. The Insurers deny the allegations contained within Paragraph 26 of the Complaint.

27. U.S. Fire admits that it issued a letter dated December 9, 2002 that disclaimed coverage under Policy Number 1380325536 for the Heaton Claim and that the letter speaks for itself. Except as expressly admitted herein by U.S. Fire, the allegations of Paragraph 27 of the Complaint are denied by U.S Fire and said allegations are further denied

by all other defendants as they are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

28. The Insurers deny the allegations contained within Paragraph 28 of the Complaint.

29. U.S. Fire admits that it contributed certain monies to the settlement of the so-called Heaton Claim. Except as expressly admitted herein, the allegations contained within Paragraph 29 are denied by all defendants.

## COUNT I

### (Declaratory Judgment)

30. The Insurers repeat and incorporate their responses to Paragraph 1 through 29 as if set forth at length herein.

31. The Insurers deny the allegations contained within Paragraph 31 of the Complaint.

32. The Insurers deny the allegations contained within Paragraph 32 of the Complaint.

33. To the extent Paragraph 33 of the Complaint only states the relief sought by Petro, it requires no response. To the extent a response is required, the Insurers deny the allegations contained within Paragraph 33 of the Complaint.

## COUNT II

### (Breach of Contract)

34. The Insurers repeat and incorporate their responses to Paragraph 1 through 33 as if set forth at length herein.

35. The Insurers deny the allegations contained within Paragraph 35 of the Complaint.

36. The Insurers deny the allegations contained within Paragraph 36 of the Complaint.

37. The Insurers deny the allegations contained within Paragraph 37 of the Complaint.

38. The Insurers deny the allegations contained within Paragraph 38 of the Complaint.

## COUNT III

### (Unfair and Deceptive Trade/Settlement Practices)

39. The Insurers repeat and incorporate their responses to Paragraph 1 through 38 as if set forth at length herein.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Insurers deny the allegations contained within Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Insurers deny the allegations contained within Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Insurers deny the allegations contained within Paragraph 42 of the Complaint.

43. The Insurers deny the allegations contained within Paragraph 43 of the Complaint.

44. The Insurers deny the allegations contained within Paragraph 44 of the Complaint.

45. The Insurers deny the allegations contained within Paragraph 45 of the Complaint.

46. The Insurers deny the allegations contained within Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims asserted by Petro are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Coverage for the claims asserted by Petro against the Insurers is specifically excluded under the policy or policies issued to Petro at issue herein.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by Petro are barred, in whole or in part, by the application of the conditions, terms and provisions of the policy or policies of insurance allegedly issued by The Insurers to Petro that are placed at issue herein.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by Petro are barred, in whole or in part, by the application of one or more exclusions contained in the policy or policies of insurance allegedly issued by the Insurers to Petro that are placed at issue herein.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Petro may be barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Petro are barred for failure to join necessary and indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

Petro has failed to satisfy all or some of the conditions precedent and subsequent to coverage under any policy or policies of insurance issued by the Insurers.

## EIGHTH AFFIRMATIVE DEFENSE

Petro's breach of the contractual obligation of cooperation may bar the asserted claims.

## NINTH AFFIRMATIVE DEFENSE

Petro's claim is barred, in whole or in part, to the extent that Petro failed to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

The claims against the Insurers may be barred by the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims against the Insurers may have been voluntarily relinquished by Petro and hence waived.

## TWELFTH AFFIRMATIVE DEFENSE

Petro's claim may be barred, in whole or in part, by application of the pertinent Statute of Limitations, or Statute of Repose.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Petro are barred, in whole or in part, to the extent that the acts or omissions giving rise to the actual or potential liability of Petro were in violation of law and/or public policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Petro are barred, in whole or in part, to the extent that the amounts sought from the Insurers are for costs incurred as a result of statutory violations, criminal fines or sanctions, civil fines, penalties, sanctions and/or punitive damages that may be imposed on Petro.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Petro are barred, in whole or in part, to the extent that it is determined that Petro failed to disclose, concealed or misrepresented facts which were material to the risks underwritten by the Insurers at the time the policy or policies were negotiated, placed or purchased.

### SIXTEENTH AFFIRMATIVE DEFENSE

There can be no viable claim against the Insurers because there was no "occurrence" or "accident" within the meaning of the alleged policy or policies of insurance placed at issue herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Petro may be barred because claims for acts "expected or intended" to cause damage are not covered by the policy or policies issued by the Insurers.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The allegations against the Insurers are too vague and unspecific to enable the Insurers to determine all of its defenses; right is therefore reserved to supplement and amend this pleading.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts which would give rise to a claim or implicate any obligations under the policy or policies of insurance, if any, allegedly issued by the Insurers to the named insured.

### TWENTIETH AFFIRMATIVE DEFENSE

Any coverage afforded by the Insurers' policy or policies are subject to deductibles, limits of liability and other terms and conditions as set forth in the alleged policy or policies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Crum & Forster Indemnity Company issued no policies of insurance that must respond to the Heaton Claim.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The North River Insurance Company issued no policies of insurance that must respond to the Heaton Claim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims of Petro are barred, in whole or in part, to the extent that the amounts sought from the Insurers are for any liabilities or monetary obligations assumed or monies voluntarily paid by Petro without the Insurers' consent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The venue of this action is improper.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The process and/or service of process is insufficient.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the Insurers.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendants, Crum & Forster Indemnity Company and The North River Insurance Company are misnamed.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs have no standing to assert M.G.L.c. 93A and c. 176D claims against the Insurers.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Insurers are not subject to suit for violations of M.G.L.c. 93A and c. 176D.

### THIRTIETH AFFIRMATIVE DEFENSE

The Insurers are exempt from suit under M.G.L.c. 93A as the alleged unfair and deceptive acts and practices did not occur primarily and substantially within the Commonwealth of Massachusetts.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The defendants reserve the right to amend their Answer and to assert additional defenses and/or supplement, alter or change this answer upon completion of appropriate investigation and discovery.

**WHEREFORE,** the Insurers, pray as follows:

1. That judgment be entered in this action dismissing plaintiffs' Complaint against the Insurers;

2. That the Court declare that the Insurers owe no obligation to the plaintiffs related to their claims;

3. That the Court award the Insurers their attorneys' fees and costs incurred in the defense of this litigation; and

4. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,
The Defendants,
Crum & Forster Indemnity Company,
United States Fire Insurance Company
and The North River
Insurance Company,
By their attorneys,

_____
Clark W. Yudysky, BBO# 538210
Toomey & Yudysky LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Of Counsel:

Christopher R. Carroll, Esq.
Carroll, McNulty & Kull LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920

Dated: 6/10/05

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the removing parties, Defendants, Crum & Forster Indemnity Company, United States Fire Insurance Company and The North River Insurance Company, do hereby certify that I served a copy of the foregoing **ANSWER OF DEFENDANTS CRUM & FORSTER INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY AND THE NORTH RIVER INSURANCE COMPANY,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

>Francis M. Lynch, Esquire
>Matthew P. Zayotti, Esquire
>KEEGAN WERLIN LLP
>265 Franklin Street
>Boston, MA 02110

Date: 6/10/05        Attorney: 

bmd 62099.1 6/9/05

bmd 62239.1 6/10/05