UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETRO HOLDINGS, INC. and )
PETROLEUM HEAT AND POWER CO., INC., )
    Plaintiffs, ) CIVIL ACTION
)  NO. 05-CV-11222-MEL
)
v. )
)
CRUM & FORSTER INDEMNITY COMPANY, )
UNITED STATES FIRE INSURANCE COMPANY and )
THE NORTH RIVER INSURANCE COMPANY )
    Defendants )

## NOTICE OF FILING

The defendants, Crum & Forster Indemnity Company, United States Fire Insurance Company and The North River Insurance Company, by and through their counsel, hereby notice the filing of the following:

1. Certified copy of the civil docket in the Suffolk Superior Court;

2. Certified copies of all records and proceedings in the Suffolk Superior Court.

                    Respectfully Submitted,
                    The Defendants,
                    Crum & Forster Indemnity Company,
                    United States Fire Insurance Company
                    and The North River
                    Insurance Company,
                    By their attorneys,

                    _____
                    Clark W. Yudysky, BBO# 538210
                    Toomey & Yudysky LLP
                    99 Summer Street
                    Boston, MA 02110
                    (617) 946-0930

Date: 7/8/05

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the removing parties, Defendants, Crum & Forster Indemnity Company, United States Fire Insurance Company and The North River Insurance Company, do hereby certify that I served a copy of the foregoing **NOTICE OF FILING,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Francis M. Lynch, Esquire<br>
Matthew P. Zayotti, Esquire<br>
KEEGAN WERLIN LLP<br>
265 Franklin Street<br>
Boston, MA 02110

Date: 7/8/05            Attorney: _____

bmd  63022.1  7/6/05

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01945
### Petro Holdings Inc et al v Crum & Forster Indemnity Co et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/17/2005 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 07/07/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | |
| **Lead Case** | | **Track** | A | | |
| **Service** | 08/15/2005 | **Answer** | 10/14/2005 | **Rule12/19/20** | 10/14/2005 |
| **Rule 15** | 08/10/2006 | **Discovery** | 07/06/2007 | **Rule 56** | 09/04/2007 |
| **Final PTC** | 01/02/2008 | **Disposition** | 05/16/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Petro Holdings Inc
Active 05/17/2005

Private Counsel 308750
Francis M Lynch
Keegan Werlin & Pabian
265 Franklin Street
Boston, MA 02110-3113
Phone: 617-951-1400
Fax: 617-951-1354
Active 05/17/2005 Notify

Private Counsel 638265
Matthew P Zayotti
Keegan Werlin & Pabian
265 Franklin St
Boston, MA 02110-3113
Phone: 617-951-1400
Fax: 617-951-1354
Active 05/17/2005 Notify

**Plaintiff**
Petroleum Heat & Power Co Inc
Active 05/17/2005

Private Counsel 308750
Francis M Lynch
Keegan Werlin & Pabian
265 Franklin Street
Boston, MA 02110-3113
Phone: 617-951-1400
Fax: 617-951-1354
Active 05/17/2005 Notify

Private Counsel 638265
Matthew P Zayotti
Keegan Werlin & Pabian
265 Franklin St
Boston, MA 02110-3113
Phone: 617-951-1400
Fax: 617-951-1354
Active 05/17/2005 Notify

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01945
## Petro Holdings Inc et al v Crum & Forster Indemnity Co et al

| | |
|---|---|
| **Defendant**<br>Crum & Forster Indemnity Co<br>Service pending 05/17/2005 | **Private Counsel 538210**<br>Clark W Yudysky<br>Toomey & Yudysky<br>99 Summer Street<br>Suite 1530<br>Boston, MA 02110<br>Phone: 617-946-0930<br>Fax: 617-946-0989<br>Active 07/07/2005 Notify |
| **Defendant**<br>U S Fire Ins Co<br>Service pending 05/17/2005 | *** See Attorney Information Above *** |
| **Defendant**<br>North River Ins Co<br>Service pending 05/17/2005 | *** See Attorney Information Above *** |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/17/2005 | 1.0 | Complaint & Jury demand |
| 05/17/2005 | | Origin 1, Type D13, Track A. |
| 05/17/2005 | 2.0 | Civil action cover sheet filed |
| 07/07/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. Crum & Forster Indemnity Company, United States Fire Insurance Company and The North River Insurance Company U. S. Dist.#(05-11222MEL). |
| 07/07/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
JULY 7, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | TRIAL COURT OF THE COMMONWEALTH SUPERIOR COURT DEPARTMENT Civil Action No. 05-1945 |

PETRO HOLDINGS, INC. and )
PETROLEUM HEAT AND )
POWER CO., INC., )
                              )
    Plaintiffs,           )
                              )
v.                              )
                              )
CRUM & FORSTER INDEMNITY )
COMPANY, UNITED STATES )
FIRE INSURANCE COMPANY, )
and THE NORTH RIVER )
INSURANCE COMPANY, )
                              )
    Defendants.         )

## COMPLAINT

This is an action against the Defendants Crum & Forster Indemnity Company, United States Fire Insurance Company, and North River Insurance Company for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive insurance claims settlement practices in violation of M.G.L. c. 93A and M.G.L. c. 176D arising from the Defendants' failure and refusal to provide defense and indemnity for claims covered by a commercial auto insurance policy issued by the Defendants to the Plaintiffs.

## PARTIES

1.  The Plaintiff, Petro Holdings, Inc. ("Petro Holdings"), is a Minnesota corporation with a principal place of business at 2187 Atlantic Street in Stamford, Connecticut. Petro Holdings is the named insured party under several commercial insurance policies issued by the Defendants.

2.  The Plaintiff, Petroleum Heat and Power Co., Inc. ("PETRO"), is a Minnesota corporation with a usual place of business at 2187 Atlantic Street in Stamford, Connecticut. PETRO operates several affiliated companies, including Atlas Oil Company ("Atlas") with a usual place of business at 295 Eastern Avenue in Chelsea, Massachusetts, that are covered under the relevant commercial insurance policies issued by the Defendants.

3.  Upon information and belief, the Defendant, Crum & Forster Indemnity Company ("Crum & Forster"), is a California corporation with a principal place of business at 305 Madison Avenue, Morristown, New Jersey 07960. Crum & Forster regularly conducts business in Massachusetts and maintains a usual place of business at 60 State Street, 5th Floor, Boston, Suffolk County, Massachusetts 02109.

4.  Upon information and belief, the Defendant United States Fire Insurance Company ("USFIC"), is a New Jersey corporation with a principal place of business at 305 Madison Avenue, P.O. Box 1973, Morristown, New Jersey 07962. USFIC regularly conducts business in Massachusetts and maintains a usual place of business at 60 State Street, 5th Floor, Boston, Suffolk County, Massachusetts 02109.

5.  Upon information and belief, the Defendant North River Insurance Company ("NRIC"), is a New Jersey corporation with a principal place of business at

305 Madison Avenue, P.O. Box 1973, Morristown, New Jersey 07962. NRIC regularly conducts business in Massachusetts and maintains a usual place of business at 60 State Street, 5th Floor, Boston, Suffolk County, Massachusetts 02109.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over this matter pursuant to M.G.L. c. 212, § 4.

7.  This Court has personal jurisdiction over the Defendants Crum & Forster, USFIC and NRIC pursuant to M.G.L. c. 223A, § 3, because each of the Defendants has: (a) transacted business within this Commonwealth, (b) contracted to supply services or things in this Commonwealth; (c) caused tortious injury by an act or omission in this Commonwealth; (d) caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth, and regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth; and/or (e) contracted to insure persons, property and risks located within this Commonwealth at the time of contracting.

8.  Venue is proper pursuant to M.G.L. c. 223, § 8 because each of the Defendants has a usual place of business in Boston, Suffolk County, Massachusetts.

## FACTS

9.  Defendants Crum & Forster, USFIC and NRIC have provided insurance to Petro Holdings and PETRO and its affiliated, associated, allied or subsidiary companies (collectively hereinafter referred to as "PETRO") under several commercial insurance policies.

10. Among other businesses, PETRO is involved in the retail sale of heating fuel oil and, in connection therewith, PETRO owns and operates trucks and vehicles in several states for the transportation and delivery of such oil to commercial and residential customers.

11. From in or about the early 1990s until January 31, 2004, PETRO obtained commercial insurance coverage under policies issued by the Defendants, Crum & Forster, USFIC and NRIC, including but not limited to liability coverage for its oil delivery vehicles and other vehicles in various states under the "Business Auto Coverage Form" identified by Insurance Services Offices, Inc. ("ISO") as form CA-00-01-07-97 (hereinafter the "Auto Policy").

12. As part of the Auto Policy, PETRO obtained broadened coverage from the Defendants under several endorsements to the Auto Policy, including the endorsements entitled "Pollution Liability – Broadened Coverage for Covered Autos," identified by ISO as forms CA-99-48-12-93 and MM-99-55-09-98.

13. Under the terms and conditions of the Auto Policy, the Plaintiffs are entitled to coverage in the amount of $1,000,000 for any single loss, subject to no or a nominal deductible. In exchange for such coverage, PETRO paid a total policy premium of $2,383,924.11 for the period from February 1, 2001 until February 1, 2002.

14. On or about May, 2001, a meeting was held between representatives of PETRO and representatives of Crum & Forster to discuss insurance coverage for occurrences involving the discharge or release of oil. It was decided and agreed upon by PETRO and Crum & Forster that the Auto Policy would cover releases of oil which

occurred as a result of the loading or unloading of oil, or to the delivery of oil to a customer by a PETRO truck driver.

15. On or about September 19, 2001, the Plaintiffs submitted to the Defendants a claim for which the Plaintiffs sought defense and indemnity under the Auto Policy, involving the release of oil after a delivery was made to the storage tank at a single-family residential property at 79 Concord Street in Ashland, Massachusetts and owned by Mark and Dorothy Heaton (the "Heatons"). The Heatons alleged that the delivery on September 11, 2001 caused their oil tank to rupture and release oil, causing damage to their real and personal property (the "Heaton Claim").

16. The Heaton Claim included assertions that as a result of the release of oil, the Heatons were owed the amount of $3,594,170.00, including $1,166,050.00 in actual damages, plus the amount of $2,428,120.00 in multiple damages, attorney's fees and costs for alleged unfair and deceptive practices.

17. The Defendants were placed on notice by PETRO immediately after the release at the Heaton property, and the Defendants, without explanation, declined to defend and/or indemnify PETRO against the Heatons' claims.

18. The Heaton Claim also included a demand that PETRO pay for the costs to remediate the impacts of the oil release on soil and groundwater. In order to mitigate potential damages, but without admitting liability, PETRO paid approximately $350,000 for environmental contractors to conduct remedial actions at the Heatons' property.

19. The Heaton Claim fell within the scope of coverage under the Auto Policy, as confirmed at the meeting between PETRO and Crum & Forster on May 17,

2001, when Crum & Forster expressly acknowledged and agreed that losses such as those involved in the Heaton Claim fell within the scope of coverage under the Auto Policy.

20. Prior to and after the meeting between PETRO and Crum & Forster on May 17, 2001, PETRO had submitted to the Defendants numerous claims similar to the Heaton Claim, and in every instance the Defendants provided defense and indemnity for such claims under the Auto Policy, consistent with the agreement at the meeting between PETRO and Crum & Forster on May 17, 2001, when Crum & Forster expressly acknowledged and agreed that such losses fell within the scope of coverage under the Auto Policy. The following claims against PETRO, similar to the Heaton Claim, were among those covered by Crum & Forster under the Auto Policy:

    a. NMU80072395 - Approximately 100 gallons released into basement during delivery. Release occurred from leaking oil line and oil tank. Date of loss: March 16, 1999;

    b. NMU80072481 – Approximately 40 gallons of oil released in basement during PETRO delivery. Oil lines installed by others left open with no valves and not hooked up to boiler. Date of loss: March 26, 1999;

    c. NJU83668 – Oil released out of hole in bottom of the oil tank. Date of loss: October 22, 1999.

    d. NMU80075937 – PETRO Oil made delivery, apparently overfilled tank. Customer called after order to report oil odor. Date of loss: December 31, 1999;

e. PTU80064022 – Oil released from abandoned oil line. Claimant alleges improper system installation. Date of loss: March 23, 2000;

f. BSU80073001 – Oil tank installed by another company, and did not connect line to burner. Approximately 50-75 gallons released into basement. Date of loss: May 18, 2000;

g. PTU80067885 – PETRO made delivery to tank and homeowner called later to report leak of approximately 70 gallons from tank, apparently from holes in the bottom of tank. Date of loss: August 10, 2000;

h. NJU80076970 – Approximately 250 gallons of oil released from corroded abandoned tank in basement. Oil fill and vent alarm pipes still present. Date of loss: December 23, 2000;

i. NJU80077031 – Release of oil between deliveries due to splits in oil line. Date of loss: December 31, 2000;

j. BSU80076958 – PETRO overfilled tank, which ruptured and released into the basement. Date of loss: April 10, 2001;

k. NJU80083616 – PETRO made residential oil delivery, and two days later an oil release was discovered. Date of loss: May 2, 2001;

l. NJU80079614 – Delivery made at 10:00 AM. Customer contacted PETRO at 2:00 PM to report oil had leaked from hole in the oil tank. Date of loss: June 1, 2001;

m.  NJU80081014 – Oil released into basement during delivery because of failure of corroded tank. Date of loss: September 14, 2001;

n.  BSU80079073 – Oil tank filled during the day. Customer called that evening complaining of an oil smell. Upon inspection, tank was ruptured on the bottom, allegedly because of delivery. Date of loss: September 29, 2001;

o.  NJU80081072 – Mis-delivery to home that had converted to gas, but had left fuel oil fill pipe there. Date of loss: October 3, 2001;

p.  PTU80077794 – Oil tank failed during delivery because of corrosion. Date of loss: November 3, 2001;

q.  NJU80082500 – Release of oil into basement from leaking tank during first delivery to customer. Date of loss: November 24, 2001;

r.  PTU80079118 – Delivery went to wrong address. Oil tank had been removed, but oil fill pipe and vent alarm still in place. Approximately 137 gallons released. Date of loss: January 10, 2002;

s.  BSU80080280 – Mis-delivery to a non-PETRO customer. Oil released onto basement floor. Date of loss: February 2, 2002;

t.  NJU80086010 – Tank overfilled by driver. Release discovered two days later. Date of loss: October 10, 2002;

u.  PTU80083517 – Mistaken delivery to property which had converted to gas. Oil tank, with vent and fill pipe, still present, but oil line to burner was cut. Approximately 61 gallons released into basement. Date of loss: October 14, 2002;

v.  PTU80080587 – Mistaken delivery to property converting to gas. Property owner had failed to remove oil fill pipe, which was used by PETRO deliveryman;

w.  PTU80083863 – Morning oil delivery. Customer called at 3:00 PM to report leak from the side of the tank. Tank failed due to corrosion. Date of loss: October 30, 2002;

21   Although the Defendants' obligation to provide defense and indemnity under the terms and conditions of the Auto Policy was clear, and despite the Defendants' practice of providing coverage under the Auto Policy for claims such as the Heaton Claim, and despite the Defendants' express acknowledgement and agreement on May 17, 2001 that such claims were covered under the Auto Policy, the Defendants refused to provide coverage for the Heaton Claim under the Auto Policy.

22.   While denying coverage under the Auto Policy, the Defendants asserted in bad faith that coverage for the Heaton Claim was available only under a commercial general liability ("CGL") insurance policy, which limited coverage for each occurrence to $500,000 and included a self-insured retention for PETRO in the amount of $500,000.

23.   On or about May 30, 2002, PETRO's expert on oil tank failures, Thomas W. Eager, Ph.D. of the Massachusetts Institute of Technology, opined that the Heaton tank failed during or soon after the delivery "because the oil in the tank exerted pressure

from inside the tank and pushed through an area of metal affected by corrosion, rather than a puncture of weld failure."

24. In November, 2002, PETRO again requested defense and indemnity for the Heatons' Claim. Again, the Defendants, without explanation, declined to defend and/or indemnify PETRO.

25. On November 11, 2002, Donna Matt of Crum & Forster sent an electronic message to PETRO stating that "the trigger is based upon proximate cause. Auto [coverage] is triggered on spills based on loading and unloading when the PETRO driver is making a delivery."

26. On November 12, 2002, Eric Tibah from Crum & Forster sent the following electronic message to PETRO:

> At the May, 2001 meeting (Donna Matt wasn't in attendance), it was decided that on all new losses, the time damage was discovered was no longer a determining factor. We would decide which policy applies based on the proximate cause of the loss itself. If the damages arose out of a delivery of oil, it is typically an auto claim. If the damages resulted from the improper installation or maintenance of an oil tank, oil line or boiler/furnace, it was a GL claim.

27. On December 9, 2002, the Defendants responded to PETRO with a certified letter, denying coverage for the Heaton Claim, but also stating that the Defendants "are undertaking the investigation and handling of this claim in accordance with the terms and condition of the [Auto Policy]."

28. The Defendants' electronic claim notes regarding the Heaton incident states: "OIL TANK LEAKED AFTER DELIVERY BY INSUREDS TRUCK ...."

29. On or about November 2004, the Heaton Claim was settled upon payment of $460,000, including approximately $150,000 from PETRO (as the balance of

PETRO's self-insured retention that remained after PETRO paid for environmental response actions) and approximately $310,000 from Defendants under the CGL policy.

## COUNT I
### (Declaratory Judgment)

30.     The Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 29 of this complaint.

31.     The Defendants have improperly failed and refused to provide defense and indemnity for the Heaton Claim under the Auto Policy.

32.     As a result of the foregoing facts, there is an actual controversy between the Plaintiffs on the one hand, and the Defendants on the other hand, regarding the respective rights and obligations of the parties under the Auto Policy.

33.     Pursuant to M.G.L. ch. 231A, §§ 1 and 2, Plaintiffs seek a declaratory judgment declaring that the Defendants have breached their obligations to defend and indemnify and establishing Plaintiffs' right to coverage under the Auto Policy.

## COUNT II
### (Breach of Contract)

34.     The Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 29 of this complaint.

35.     The Plaintiffs are entitled to defense and indemnity for the Heaton Claim under the terms and conditions of the Auto Policy.

36.     The Defendants have breached their contract with the Plaintiffs by failing and refusing to provide defense and indemnity for the Heaton Claim under the Auto Policy.

37. The Defendants have breached the implied covenant of good faith and fair dealing by failing and refusing to provide defense and indemnity under the Auto Policy, and by seeking to force the Plaintiffs to accept substantially diminished coverage for the Heaton Claim under a general commercial liability insurance policy.

38. As a result of the Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, the Plaintiffs have suffered damages.

## COUNT III
### (Unfair and Deceptive Trade/Settlement Practices)

39. The Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 29 of this complaint.

40. At all times relevant hereto, the Plaintiffs and Defendants were are engaged in trade or commerce within the meaning of M.G.L. c. 93A, § 11.

41. At all times relevant hereto, the Defendants were persons engaged in the business of insurance within the meaning of M.G.L. c. 176D, § 1(a).

42. As persons engaged in the business of insurance, the Defendants had a statutory duty under M.G.L. c. 176D, § 3(9) to effectuate prompt and fair settlement where, as in this case, liability has become reasonably clear.

43. The Defendants' failure to provide defense and indemnity and effectuate prompt and fair settlement under the Auto Policy constitutes an unfair settlement practice in violation of M.G.L. c. 176D, § 3(9).

44. The acts of the Defendants as aforesaid constitute unfair and deceptive acts and practices within the meaning of, and proscribed by, M.G.L. c. 93A, §§ 2 and 11.

45. The Defendants' use and employment of unfair or deceptive acts or practices was willful and knowing.

46. As a result of the Defendants' unfair settlement practices in violation of M.G.L. c. 176D, § 3(9), and the Defendants' willful and knowing violations of M.G.L. c. 93A, §§ 2 and 11, the Plaintiffs have suffered actual damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

1. Adjudge and declare that Plaintiffs are entitled to defense and indemnity under the Auto Policy;

2. Enter judgment against the Defendants for the damages incurred by Plaintiffs as a result of the Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing;

3. Enter judgment against Defendants for violation of M.G.L. c. 93A for the actual damages that the Plaintiffs have suffered, plus double or treble damages, together with interest, attorney's fees and costs; and

4. Order such other and further relief that this Court may deem proper, equitable and just.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

PLAINTIFFS PETRO HOLDINGS, INC.,
and PETROLEUM HEAT AND POWER
CO., INC.

By their attorneys,

_____
Francis M. Lynch, BBO #308750
Matthew P. Zayotti, BBO #638265
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110
(617) 951-1400

Dated: May 13, 2005

I HEREBY ATTEST AND CERTIFY ON

JULY 7, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
/ASSISTANT CLERK.

*The Commonwealth of Massachusetts*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: | Docket Number 05-1945 A² |
|---|---|---|
| PLAINTIFF(S) Petro Holdings, Inc. and Petroleum Heat and Power Co., Inc. | DEFENDANT(S) Crum & Forster Indemnity Co. U.S. ~~XXXXXX~~ Fire Insurance Co. and The North River Insurance Co. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Francis M. Lynch and Matthew P. Zayotti Keegan Werlin LLP, 265 Franklin St., Boston, MA 02110, 617-951-1400 Board of Bar Overseers number: 308750 and 638265 | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses
   2. Total Doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe)
      Subtotal $
B. Documented lost wages and compensation to date ........ $
C. Documented property damages to date ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........ $
F. Other documented items of damages (describe)
      $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

      $
      TOTAL: $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Defendants wrongfully denied coverage under commercial auto insurance policy issued by Defendants to Plaintiffs, which claim arose from release of oil at residential premises of Plaintiff's customer.         TOTAL    $500,000.+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 5/13/05

A.O.S.C. 2003

I HEREBY ATTEST AND CERTIFY ON

_JULY 7, 2005_, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.