UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11222-MEL

PETRO HOLDINGS, INC., ET AL. )
)
    Plaintiffs, )
)
v. )
)
CRUM & FORSTER INDEMNITY )
COMPANY, ET AL., )
)
    Defendants. )

To:    Francis M. Lynch, Esq.
       Keegan Werlin LLP
       265 Franklin Street
       Boston, Massachusetts 02110-3113

## WAIVER OF SERVICE OF SUMMONS
## OF UNITED STATES FIRE INSURANCE COMPANY

    United States Fire Insurance Company acknowledges receipt of your request that it waive service of a summons in the action of Petro Holdings, Inc. et al. v. Crum & Forster Indemnity Company, et al., United States District Court for the District of Massachusetts 05-11222-MEL. United States Fire Insurance Company has also received a copy of the complaint in the action, two copies of this instrument, and a means by which it can return the signed waiver to you without cost to me.

    United States Fire Insurance Company agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

    United States Fire Insurance Company will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

_____    _8-17-05_
Signature                                 Date

_James W. Gunson_ [as _Attorney For_] United States Fire Insurance Company.
Printed/typed name     Title

Duty to Avoid Unnecessary Costs of Service of Summons:

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.